[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal emanates from a final judgment of the Lake County Court of Common Pleas, ordering appellant, Syrron Lewis, to serve consecutive sentences. For the reasons that following, we affirm the judgment of the trial court.
According to the official police version contained in the presentence investigation report, on April 15, 2000, the eighteen-year-old appellant was driving a stolen vehicle on the wrong side of the road causing a head-on collision with another vehicle on Lakeland Boulevard in Eastlake, Ohio. When police officers arrived on the scene of the accident, they found appellant hanging halfway out of the vehicle with his right foot trapped behind the brake pedal. According to the police, appellant repeatedly proclaimed that he was not the driver of the vehicle.[1]
As a result of these events, on July 3, 2000, the Lake County Grand Jury rendered a seven count indictment against appellant on the following charges: two counts of aggravated vehicular assault, in violation of R.C. 2903.08(A)(1), with specifications for driving while under a suspension; two counts of vehicular assault, in violation of R.C.2903.08(A)(2), with specifications for driving under a suspension; one count of receiving stolen property, in violation of R.C. 2913.51(A); driving while under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1); and driving under a suspension, in violation of R.C.4507.02(D)(1).
On January 26, 2001, appellant withdrew his former plea of not guilty and entered a written plea of guilty to two counts of vehicular assault, in violation of R.C. 2903.08(A)(2), felonies of the fourth degree, and one count of receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fourth degree. Upon application by the state and for good cause shown, the trial court entered a nolle prosequi to the remaining charges and specifications. The trial court formally accepted appellant's plea through a judgment entry dated January 26, 2001, and referred the matter to the probation department for the preparation of a presentence investigation report.
On March 5, 2001, this matter came on for a sentencing hearing. At the close of the hearing, the trial court imposed a twelve month sentence on each count to run consecutive to each other and consecutively to the sentence appellant was serving from Cuyahoga County.[2] A judgment entry of sentence issued March 8, 2001, reflects this pronouncement.
From this judgment appellant appeals, advancing a single assignment of error with two separate issues challenging the trial court's decision to impose consecutive sentences, to wit: that the record does not support the imposition of consecutive sentences, and the trial court failed to state its reasons for selecting consecutive sentences.[3]
Before addressing the substance of appellant's arguments, we need to articulate the appropriate standard of review. "In accordance with R.C.2953.08, our review of a felony sentence is de novo." (Emphasis sic.)State v. Perry, 11th Dist. No. 2000-L-166, 2002-Ohio-1468, at ¶ 8;State v. Bradford (June 2, 2001), 11th Dist. 2000-L-103, 2001 WL 589271, at 1. This court, however, will not disturb appellant's sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law.State v. Norwood (June 8, 2001), 11th Dist. No. 2000-L-072, 2001 WL 635951, at 2; Bradford at 1.
Before a trial court may impose consecutive sentences, it must make the findings contained in R.C. 2929.14(E)(4) on the record. Norwood at 4;Bradford at 3-4. First, the trial court must determine that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C. 2929.14(E)(4). Second, the trial court must find that one of the additional factors listed in R.C. 2929.14(E)(4) is also present: (a) that the offender committed the multiple offenses while he/she was awaiting trial or sentencing or was under community control sanctions; (b) that the harm caused by the offenses was so great that a single prison term would not adequately reflect the severity of the conduct; or (c) that the offender's prior criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. Norwood at 4; Bradford at 3-4.
In the instant matter, the trial court complied with R.C. 2929.14(E)(4) by finding in its judgment entry that "consecutive sentences are necessary to protect the public from future crime or to punish the defendant and are not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public * * *." Further, the trial court not only found one of the factors listed in R.C. 2929.14(E)(4), it found two, to wit: subsection (a) and (c).[4]
As to this point, appellant maintains that the trial court misapplied the factors contained in R.C. 2929.14(E)(4). In other words, appellant seems to suggest that the record does not support the imposition of consecutive sentences.
Specifically, appellant contends that the trial court did not account for many facts surrounding the accident, such as the following: (1) appellant thought he was travelling on a one-way road; (2) the road he was actually travelling on was not clearly marked as it had intermittent lane dividers as opposed to double yellow lines that normally divide two-way streets; (3) although the vehicle appellant was driving was stolen, it had been taken by appellant's cousin one month prior to the accident; (4) while serious physical harm was suffered by the victims, it was not extreme; (5) appellant spent time in the hospital for injuries he sustained in the accident; (6) appellant did not remember the events of the accident; (7) appellant showed remorse for his actions; and (8) not only was appellant under the influence of alcohol and drugs, both the driver and passenger of the other vehicle involved in the collision were under the influence of alcohol and marijuana.
Accordingly, appellant believes that the above-mentioned factors serve to mitigate his behavior and do not support the imposition of consecutive sentence. As such, appellant submits that the trial court erred when it found the factors in R.C. 2929.14(E)(4) applicable.
During the sentencing hearing, appellant attempted to mitigate his sentence by citing to relatively the same factors he mentioned above. In other words, appellant advised the trial court of the above-mentioned "mitigating factors." Presumably, the trial court considered this argument and subsequently rejected it when the court imposed consecutive sentences.
After independently reviewing the arguments made at the sentencing hearing, the presentence investigation report, and the psychological evaluation, we hold that the record supports the imposition of consecutive sentences.
Appellant is no stranger to the criminal system as he has an extensive criminal history. Since the age of thirteen, appellant has been committing criminal offenses including receiving stolen property, theft, burglary, assault, drug trafficking, weapons possession, and menacing. In fact, approximately one month prior to the motor vehicle collision, appellant was before the Cuyahoga County Court of Common Pleas on a drug trafficking charge. Even after being involved in the April 15, 2000 collision, appellant continued in his criminal activity, which involved drug abuse, aggravated disorderly conduct, and drug trafficking.
In addition to his lengthy criminal record, appellant has a substance abuse problem. Appellant reportedly began using drugs and alcohol at the age of sixteen. Appellant's drugs of choice include marijuana, wet, and crack cocaine.
Moreover, appellant has significant antisocial traits, may have problems with authority, lacks ability to delay gratification for his behavior, has poor impulse control, possible anger management issues, and has some narcissistic personality traits. According to the psychological evaluation, narcissism and antisocial traits hinder an individual's success in substance abuse treatment programs. In the past, appellant has failed to complete such a program.
At the sentencing hearing, appellant proclaimed that he was sorry for what he had done. Nonetheless, the trial court believed appellant was less then candid regarding the accident in that appellant initially told the police that he was not the driver of the vehicle. We are mindful that the trial court is in the best position to address the genuineness of a defendant's statement at the sentencing hearing since it has the opportunity to observe the demeanor of the defendant. State v. Fails, 11th Dist. No. 2000-P-0119, 2001-Ohio-8902, 2001 WL 1402002, at 3. Here, the trial court chose to disbelieve appellant's claims of remorse.
Appellant attempts to mitigate his conduct by claiming that he though he was on a one-way road that only had intermittent lane dividers, and that he was unable to remember the events of the night of the accident. However, appellant's confusion on the roadway and lack of memory was presumably due to the fact that he was under the influence of drugs and/or alcohol at the time of the collision.
Further, there is no evidence in the record tending to support appellant's allegation that the driver and passenger of the other vehicle involved in the accident were under the influence of alcohol and marijuana. We also remind appellant that he pled guilty to receiving stolen property in spite of his claim that his cousin had taken the vehicle.
Finally, the fact that the victims, according to appellant, did not suffer "extreme serious physical harm" and that appellant, himself, was hospitalized does not excuse or lessen the severity of his actions.[5]
In light of the foregoing circumstances, we believe the trial court appropriately determined that the factors in R.C. 2929.14(E)(4) were applicable to appellant and that the imposition of consecutive sentences was warranted.
Next, appellant submits that the trial court failed to state its reasons for imposing consecutive sentences as required by R.C.2929.19(B)(2)(c).
When consecutive sentences are imposed under R.C. 2929.14, the trial court must also comply with R.C. 2929.19(B)(2)(c), which demands that the trial court justify its imposition of consecutive sentences somewhere on the record:
 "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"* * *
 "(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences[.]" (Emphasis added.)
In the instant matter, we believe that during the sentencing hearing, the trial court set forth adequate reasons for selecting consecutive sentences as required by R.C. 2929.19(B)(2)(c). After discussing why appellant was not amendable to community control sanctions, the trial court provided the following reasons for imposing consecutive sentences:
 "Also I find I have been a Judge for over 45 years, but I have rarely seen a record like this man has, about the only things he hasn't got a record for is murder and rape. I also find that he has failed in any rehabilitation that was apparently tried after previous convictions or delinquency adjudications.
 "I also find that there is a pattern of drug and alcohol abuse. The Defendant admits or his attorney admits that he was under the influence of drugs and alcohol at the time of the accident.
 "I also find that the offense was committed under circumstances likely to reoccur. He had significant antisocial traits, poor impulse control, poor anger management, as Counsel said, a low IQ, and has a narcissistic personality.
 "I, therefore, will follow the recommendation of the Prosecutor as to consecutive 12 month sentences on each count * * *.
"* * *
 "Mr. Culotta: [the prosecuting attorney] I want to make sure for appeal purposes. Also consecutive sentences, Judge, the Court would have to make a finding it is necessary to protect the public from future crime, to punish the offender, consecutive sentences are not disproportionate to the seriousness, conduct, and danger that he poses, and the Court did find that he did this while awaiting sentence?
 "The Court: That is the reason I gave consecutive sentences, but otherwise to protect the public, and the reason he got consecutive sentences is simply because while he's there [in prison] he won't be offending again."
Accordingly, the trial court complied with R.C. 2929.19(B)(2)(c) by adequately stating reasons on the record for imposing consecutive sentences.
In summation, we conclude that the record supports the imposition of consecutive sentences upon appellant, and that the trial court complied with R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c) in making the requisite findings and giving its reasons for selecting consecutive sentences.
Based on the foregoing analysis, appellant's single assignment of error is without merit, and the judgment of the trial court is affirmed.
ROBERT A, NADER, J., DIANE V. GRENDELL, J, concur.
[1] Maurice Reynolds was a passenger in the front seat of the stolen vehicle.
[2] According to R.C. 2929.14(A)(4), the range of sentence terms for a felony of the fourth degree is six to eighteen months. In the instant matter, the trial court deviated from imposing the minimum sentence but imposed less than the maximum by sentencing appellant to twelve months on each of the three counts.
[3] Appellant does not take issue with the trial court's determination that more than the minimum sentences were warranted, and that he was not amenable to community control sanctions. As such, we limit our analysis accordingly.
[4] The trial court specifically found that that "the defendant committed the multiple offenses [in the instant case] while the defendant was awaiting trial or sentencing [in Cuyahoga County], and the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant." We note that there is no documentary evidence in the record to confirm that appellant was, indeed, out on bond awaiting trial or sentencing in Cuyahoga County when he committed the instant offenses in Lake County. However, the following emphasized exchange during the sentencing hearing indicates that defense counsel seemingly conceded to the fact that appellant was out on bond from a Cuyahoga County case at the time he committed the instant offenses:
 "The Court: * * * This offense was committed while the offender was, I believe, on parole; isn't that correct? Wasn't he out?
"* * *
 "Mr. Culotta [the prosecuting attorney]: He was out on bond on one of the cases.
 "Mr. Grieshammer [defense counsel]: Was out on bond on one case in Cuyahoga County.
 "The Court: My mystery is how did he get out if he's also serving a three year sentence [in the Cuyahoga County case]?
 "Mr. Grieshammer: He didn't get sentenced on that three years yet.
 "Mr. Culotta: This summer after he was already indicted on this case, he'd been charged in Cuyahoga, out on bond when he committed the offense, went to Cuyahoga County and he was sentenced in Cuyahoga." (Emphasis added.)
Thus, even if R.C. 2929.14(E)(4)(c) did not support the imposition of consecutive sentences, the trial court could have still imposed consecutive sentences pursuant to R.C. 2929.14(E)(4)(a).
[5] As an aside, we note that R.C. 2929.12(B) and (C) do not make any reference to "extreme serious physical harm." Rather, they merely refer to serious physical harm, physical injury, and physical harm. R.C.2929.12(B)(1) and (2); R.C. 2929.12(C)(3).